IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00208-PAB-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

2.   TONY CURTIS MARKS,

     Defendant.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

     The matter is before me on the Motion for Second Ends of Justice Continuance and to Exclude 90 Days from the Speedy Trial Act [Docket No. 29], wherein defendant Tony Curtis Marks requests that the Court exclude an additional 90 days from the speedy trial period and continue the January 23, 2017 trial.  The United States and co-defendant Deshay Isham Stevenson do not oppose the motion.  Docket No. 29 at 3.

     Mr. Stevenson made his initial appearance in this case on August 8, 2016.  On September 19, 2016, Mr. Stevenson filed a motion to exclude 120 days from the speedy trial period.  Docket No. 17.  On October 3, 2016, I granted Mr. Stevenson's motion in part, excluding 90 days from the speedy trial period and setting the trial for January 23, 2016.  Docket No. 18.  On October 17, 2016, Mr. Marks made his initial appearance.  The effect of Mr. Marks' appearance would ordinarily be to re-set the 70 day speedy trial period, *see* 18 U.S.C. § 3161(h)(6); however, there were still 103 days left in the Speedy Trial Act period at that time.  Mr. Marks filed his motion to exclude

time on November 1, 2016.  Assuming that motion does not toll speedy trial since it was filed during a period of exclusion as opposed to the original speedy trial period, there are currently 81 days left in the speedy trial period.

Mr. Marks' motion is based on the need for his defense counsel to review the discovery.  On August 24, 2016, the government provided 750 pages of discovery and 28 audio files consisting of 9.5 hours of recordings to Mr. Stevenson.  Docket No. 17 at 2.  Counsel for Mr. Marks entered his appearance on October 19, 2016.  Docket No. 24.  Based on the review that defense counsel has completed to date, defendant anticipates the following tasks need to be completed: (a) finish reviewing the discovery; (b) identify witnesses among the people mentioned in the discovery; and (c) obtain and review the fingerprint examination, DNA testing, and hair testing referred to in the discovery and retain experts as needed.

The indictment charges Mr. Marks and Mr. Stevenson with one count of theft of firearms from a federal firearms licensee in violation of 18 U.S.C. §§ 922(u) and 2 and one count of conspiracy to commit the same in violation of 18 U.S.C. § 371.

Defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such

2

action outweigh the best interest of the public and the defendant in a
speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's

right to a speedy indictment and trial, and second, to serve the public interest in

ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047

(10th Cir. 2007).  The Act requires that a defendant's trial commence within 70 days

after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C.

§ 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Certain periods of

delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C.

§ 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a

continuance granted by any judge . . . on the basis of its findings that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant

in a speedy trial.'"  *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting

former 18 U.S.C. § 3161(h)(8)(A)).

 In order for a continuance to qualify as an excludable "ends-of-justice"

continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id*. at 441.

First, I must consider the following factors listed in § 3161(h)(7)(B):

(i)     Whether the failure to grant such a continuance in the proceeding
would be likely to make a continuation of such proceeding
impossible, or result in a miscarriage of justice;

(ii)    Whether the case is so unusual or so complex, due to the number
of defendants, the nature of the prosecution, or the existence of
novel questions of fact or law, that it is unreasonable to expect
adequate preparation for pretrial proceedings or for the trial itself
within the time limits established by [the Act];

3

(iii)     Whether, in a case in which arrest precedes indictment, delay in
the filing of the indictment is caused because the arrest occurs at a
time such that it is unreasonable to expect return and filing of the
indictment within the period specified in section 3161(b), or
because the facts upon which the grand jury must base its
determination are unusual or complex;

(iv)     Whether the failure to grant such a continuance in a case which,
taken as a whole, is not so unusual or so complex as to fall within
clause (ii), would deny the defendant reasonable time to obtain
counsel, would unreasonably deny the defendant or the
Government continuity of counsel, or would deny counsel for the
defendant or the attorney for the Government the reasonable time
necessary for effective preparation, taking into account the
exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth,

"in the record of the case, either orally or in writing, [my] reasons for finding that the

ends of justice served by the granting of such continuance outweigh the best interests

of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A).  Although my

findings "'may be entered on the record after the fact, they may not be made after the

fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th

Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting

of the continuance because Congress intended that the decision to grant an

ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882

F.2d at 1516).

I find that an exclusion of 60 days is justified and is necessary to allow

defendant's counsel adequate time to follow up on the various matters that defendant

has identified in the discovery that the government has produced to date, which

involves (a) determining which witnesses to interview and then interviewing them and

(b) obtaining the results of testing and deciding whether to retain experts to review such

4

findings.  Although defendant requests an exclusion of 90 days, I find that defendant should be able to accomplish the tasks outlined in the defendant's motion with an exclusion of 60 days.  In the event that defendant is unable to adequately prepare for trial with this exclusion, he is free to move to exclude additional time.

I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  The Court finds that an exclusion of 60 days is necessary to allow the defendant to identify and interview witnesses, which can be a time consuming process, and to review the forensic testing and determine whether expert assistance is needed.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)  That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 60 days from November 23, 2016 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that the Motion for Second Ends of Justice Continuance and to Exclude 90 Days from the Speedy Trial Act  [Docket No. 29] is granted.  It is further

2.  **ORDERED** that the December 15, 2016 deadline to file pretrial motions is continued to February 13, 2017 and responses to these motions shall be filed by February 27, 2017.  It is further

3.  **ORDERED** that the Trial Preparation Conference currently scheduled for January 20, 2017 at 11:00 a.m., as well as the trial, currently scheduled to begin on January 23, 2017 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be rescheduled for April 7, 2017 at 11:00 a.m. and the trial reset for April 10, 2017 at 8:00 a.m. for three days.  It is further

4.  **ORDERED** that an additional 60 days from November 23, 2016 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED November 23, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

6